This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Dewan E. Ray appeals from the judgment of the Summit County Court of Common Pleas, which convicted him of robbery, theft and receiving stolen property. This court affirms.
 I.
At approximately 9:30 p.m. on November 6, 1999, Joseph Petruska was at a gas station near Buchtel Avenue and Market Street in Akron, when a man approached him and asked him for a ride. Mr. Petruska obliged. After Mr. Petruska drove the man to his requested destination, the man tried to wrest the car keys from Mr. Petruska. When Mr. Petruska resisted, the man attacked him. Mr. Petruska exited the car. The attacker then drove off in Mr. Petruska's car. Defendant Dewan Ray was found driving Mr. Petruska's car on November 8, 1999. When the police stopped the car, Mr. Ray ran off but he was later apprehended. Mr. Ray was arrested and he allegedly confessed to the robbery during a custodial interrogation.
On November 16, 1999, a grand jury indicted Mr. Ray on one count of robbery in violation of R.C. 2911.02(A)(2), one count of theft in violation of R.C. 2913.02(A)(1), and one count of receiving stolen property in violation of R.C. 2913.51(A). Mr. Ray later filed a motion to suppress the alleged confession. The trial court denied the motion to suppress and the case proceeded to a jury trial on May 25, 2000.
At trial, Mr. Petruska was never asked to identify Mr. Ray as his attacker, although he said he had a good idea of what his attacker looked like. The interrogating officer testified about the alleged confession. Mr. Ray did not testify, but three alibi witnesses testified on his behalf. Two alibi witnesses testified that Mr. Ray was with them at Mr. Ray's mother's house during the entire evening of the robbery. The third witness, Mr. Ray's mother, testified that she was with her son at her house until 9:30 or 10:00 p.m. the night of the attack. According to all three witnesses, there were between ten and fifteen people at the house that evening, playing cards and dancing.
The jury returned guilty verdicts on all three counts, and the court ordered concurrent sentences of seven years for the robbery and eighteen months for the theft offense. The court declined to sentence Mr. Ray on the charge of receiving stolen property. Mr. Ray filed the instant appeal, assigning one error.
 II. ASSIGNMENT OF ERROR APPELLANT'S CONVICTIONS FOR ROBBERY AND THEFT WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Mr. Ray challenges the convictions as against the weight of the evidence. When an appellate court reviews the weight of the evidence, the court must
 review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
State v. Otten (1986), 33 Ohio App.3d 339, 340. "The discretionary power to grant a new trial should be exercised only in exceptional cases where the evidence weighs heavily against the conviction." Id.
In order to convict Mr. Ray of robbery the state was obliged to prove beyond a reasonable doubt that Mr. Ray, in committing a theft offense, inflicted physical harm on Mr. Petruska. See R.C. 2911.02(A)(2). In order to secure a conviction for theft, the state had to prove beyond a reasonable doubt that Mr. Ray, with purpose to deprive Mr. Petruska of his car, knowingly exerted control over the car without Mr. Petruska's consent. See R.C. 2913.02(A)(1).
Detective William Laughlin testified to the following. He read Mr. Ray his Miranda rights at the beginning of his custodial interrogation. Mr. Ray initially denied that he stole the car. Mr. Ray stated that he came into possession of the car when an acquaintance known to him only as "G Money" had allowed him to use the car. Mr. Ray said he ran when police stopped him only because there was a warrant out on him for another matter. However, Detective Laughlin testified that he lied to Mr. Ray, telling him that there was a video camera at the gas station where Mr. Petruska initially encountered his attacker. According to the detective, once Mr. Ray was told that he had been videotaped, he confessed. According to the detective, Mr. Ray stated that Mr. Petruska gave him a ride in his car, but when Mr. Petruska resisted Mr. Ray's attempt to take the keys to his car, Mr. Ray struck Mr. Petruska several times and then drove off in the car. This account essentially corroborated the statement Mr. Petruska had made to Detective Laughlin shortly after the attack. Detective Laughlin acknowledged that he did not record this confession in any manner because "I felt [Mr. Ray] was telling the truth and I just didn't see a need to record [the confession]."
Mr. Ray asserts that Detective Laughlin's testimony is not credible, based on the remarkable similarity between Mr. Petruska's story and Mr. Ray's confession, and the fact that the detective failed to record the confession in any manner. Mr. Ray argues that when the testimony of his three alibi witnesses is balanced against the detective's testimony, the weight of the evidence is in his favor. This court disagrees.
The defense witnesses did not present an airtight alibi. First, Mr. Ray's mother testified that she was with Mr. Ray on the night of the attack only until approximately 9:30 p.m., leaving Mr. Ray with time to leave the house and encounter Mr. Petruska at the gas station located ten minutes from the house. The other two alibi witnesses, a husband and wife, were convicted felons. The husband testified that: he and his wife arrived at the Ray house on November 6, 1999, at approximately 9:00 or 9:15 p.m.; that there were approximately ten to fifteen people there, playing cards and dancing; that he himself watched a movie on videotape for most of the night because "I don't really play cards;" and that his wife was dancing in another area of the house. He testified that Mr. Ray was there the entire night, but could not say that Mr. Ray never left the house for a short period of time. The wife corroborated some of her husband's story. However, she testified that Mr. Ray was never out of her sight because Mr. Ray talked and played cards with her husband all night. None of the alibi witnesses, including Mr. Ray's mother, went to the police to clarify that Mr. Ray had been with them at the time when Mr. Petruska was attacked.
Matters of credibility are primarily for the trier of fact. State v.DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. Given the conflicting testimony of the alibi witnesses, this court cannot conclude that the jury clearly lost its way when it decided to believe the detective's testimony about Mr. Ray's alleged confession rather than the testimony of defense witnesses. Thus, the evidence does not weigh heavily against the conviction.
Mr. Ray's assignment of error is overruled, and the judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
WILLIAM G. BATCHELDER, BAIRD, J., SLABY, J. CONCUR.